IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **J&K DELI, INC.**, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil No. 19-03282-JMC |
| **UNITED STATES OF AMERICA,** | * | |
| *Defendant*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECLARATION OF STEWART D. FRIED

I, Stewart D. Fried, am over 18 years of age and have personal knowledge of all matters contained herein.

1. I am counsel for J&K Deli, Inc. I submit this declaration pursuant to Fed. R. Civ. P. 56(d) and in support of J&K's opposition to Defendant's motion to dismiss or in the alternative for summary judgment ("Motion to Dismiss").

2. Rule 56(d) requires a party that seeks to have a motion for summary judgment denied or deferred in order to take discovery to show, for specified reasons, that it cannot present facts essential to justify its opposition.

3. The following reasons support deferral or denial of Defendant's Motion to Dismiss in order permit the Plaintiff to conduct discovery necessary to permit it to justify its opposition.

4. First, J&K needs to undertake discovery at this time because it could not do so during FNS SNAP administrative proceedings. This is true because no discovery is permitted therein. No depositions can be taken, no evidentiary hearings are scheduled, and no cross-examination of witnesses is possible during FNS administrative review proceedings. Moreover, FNS does not produce all responsive records related to a SNAP-related proceeding in its possession to a retailer, even when a FOIA Request is submitted; in those instances, FNS asserts one or more exemptions in response to all requests related to SNAP retailer proceedings.

5. Specifically, Harry's Deli needs to conduct discovery related to the narrow issue of determining where prepared foods purchased at Harry's Deli's during the three-month period requested in FNS's letter were intended to be consumed. Harry's Deli could not have independently determined this information at that time because it did not ask its customers to identify themselves and was prohibited by FNS regulations and/or guidance from asking its SNAP customers for identification. However, FNS and state agencies have a record of all SNAP transactions during the three-month period.

6. Specific personal identifying information, including name, address, phone number, and EBT card number is known by state agencies that issue EBT cards to SNAP beneficiaries.

7. In the event that Harry's Deli is permitted to engage in limited discovery of state SNAP agencies, such discovery will result in it learning contact information for a substantial number of its customers during the three-month period.

8. Harry's Deli can then use that information to subpoena those customers for deposition. Those depositions are highly likely to lead to admissible information related to where those customers consumed prepared foods purchased at Harry's Deli.

9. If those customers testify, as Mr. Hwang's Declaration contends, that they intended to consume most or all prepared foods purchased at Harry's Deli at home, a genuine issue of material fact remains in dispute requiring denial of the Defendant's motion.

10. Harry's Deli also seeks to serve written discovery on the United States, to take the deposition, pursuant to Fed. R. Civ. P. 30(b)(6), of the FNS designee(s) with knowledge regarding its "Ineligible Firms" regulation, and to take the deposition of Mary Kate Karagiorgos, FNS's Administrative Review Officer ("ARO") who issued the FAD. This limited discovery is likely to uncover FNS's issuance, guidance, communications, and other records relating to FNS's "Ineligible Firms" regulation, including how, if at all, FNS interpreted the term "home consumption." It is also likely to confirm that ARO Karagiorgos did not determine whether Harry's Deli's customers intended to consume prepared foods purchased at the Store at home or elsewhere.

11. I respectfully submit that these specified reasons satisfy the requirements of Rule 56(d) and warrant deferral or denial of Defendant's Motion for Summary Judgment.

**FURTHER AFFIANT SAYETH NOT**

I DECLARE UNDER PENALTY OF PERJURY
THAT THE FOREGOING IS TRUE AND CORRECT.

Dated this 30th day of September 2020.

Stewart D. Fried